UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| DANIEL HENDERSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:10-cv-1621(MRK)(WIG) |
| | : | |
| JOHN WILLIAMS, et al., | : | |
| Defendants. | : | |

RULING ON PLAINTIFF'S MOTIONS TO COMPEL [Doc. #165]
AND TO AMEND AND CITE IN DEFENDANTS [Doc. #167]

I.   Motion to Compel [Doc. #165]

The plaintiff moves to compel responses to his February 10, 2012 new discovery request.  The defendants object on the ground that they responded to the requests.

As the court previously explained to the plaintiff, a motion to compel must be accompanied by a affidavit certifying that he attempted to resolve the discovery dispute in good faith before seeking court intervention.  See Doc. #164.  Although he has attached a purported affidavit to his motion, the plaintiff has not satisfied this requirement.  The plaintiff merely states that he wrote a letter to defendants' counsel and did not receive a response.  He does not attach a copy of the letter to his motion. Without the letter, the court cannot determine whether the plaintiff attempted to resolve the matter in good faith or merely demanded compliance with his request.  Accordingly, the motion is denied.

In addition, a review of the motion reveals that the plaintiff is not satisfied with the responses but has failed to follow the court's direction regarding this issue.  For example, in the December 5, 2011 order, pursuant to which the plaintiff drafted this discovery request, the court noted that if there were no documents, other than the arrest warrant, demonstrating that the house subject to the warrant was a single-family dwelling, the plaintiff could attempt to learn the defendants' reasons for believing this to be true through depositions and other means of discovery.  <u>See</u> Doc. #95 at 5.  In response to the plaintiff's new discovery request, the defendants indicate that they have no such documents.  Rather than employing other avenues of discovery, the plaintiff has filed this motion to compel.  The court cannot compel the defendants to produce documents they do not possess.

The defendants have responded to the plaintiff's requests. If the plaintiff considers these responses insufficient to support the defendants' actions, he may assert that at trial or in opposition to a motion for summary judgment.  The plaintiff's motion to compel is denied.

II.  <u>Motion to Amend and Cite In Party Defendants [Doc. #167]</u>

The plaintiff seeks leave to file a fourth amended complaint adding as defendants Officers Keith Graham, John Cerejo, Calvo and Tom Topulous.  He states that he only recently learned that

these four officers entered his apartment while executing a
warrant on January 20, 2009.

   The court should grant leave to amend when justice so
requires.  Fed. R. Civ. P. 15(a)(2).  The limitations period for
filing a section 1983 action, however, is three years.  <u>See</u>
<u>Lounsbury v. Jeffries</u>, 25 F.3d 131, 134 (2d Cir. 1994)(holding
that, in Connecticut, the general three-year personal injury
limitations period set forth in Connecticut General Statutes §
52-577 is the appropriate limitations period for civil rights
actions asserted under 42 U.S.C. § 1983).  The plaintiff is
asserting a claim for use of excessive force against these
officers.  He was aware of his claim as soon as the actions
occurred and should have filed an action against them on or
before January 20, 2012.  Thus, his amendment appears untimely.

   Rule 15(c), Fed. R. Civ. P., provides that an amendment may
relate back to the filing of the original complaint if the claims
against the new party arise out of the same occurrence as the
original complaint and, within 120 days of filing the original
complaint, the new defendant received sufficient notice of the
action that he will not be prejudiced in maintaining his defense
on the merits of the claim against him and that the new defendant
knew or should have know that, but for a mistake concerning the
identify of the proper party, the complaint would have been
brought against him.  The Second Circuit has held that an amended

pleading does not relate back to the filing of the original complaint where a defendant was not included in the original complaint because plaintiff did not know the identity of that defendant.  See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir. 1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996).

The plaintiff meets the first requirement, the claims against the four officers arise out of the same occurrence as, and were identified in, the original complaint.  However, the plaintiff fails to allege or show that the officers' identities were not otherwise available to him or that the defendants actively withheld this information despite repeated requests. The plaintiff states that he requested this information in interrogatories No. 25-ii submitted June 30, 2011, and NO. 17-J(1) submitted June 8, 2011, but did not receive a response until August 2012.  He does not explain why he waited over two years to begin seeking this information.  Thus, the delay is the result of lack of knowledge of the officers' identities and lack of diligence to ascertain those identities, which is insufficient to warrant amendment of the complaint.  As any claim against these officers is time-barred, the motion to amend and cite-in party defendants is denied as futile.

In addition, the original complaint names only actual and John Doe members of the Meriden Police Department.  In a previous

motion to amend [Doc. #97], the plaintiff identifies two of these officers as Connecticut State Police Troopers.  They did not receive notice of the filing of this action within the required 120 days and would now be prejudiced if they had to defend an action against them.

III. <u>Conclusion</u>

Plaintiff's motion to compel [**Doc. #165**] is **DENIED.**

Plaintiff's motion to amend [**Doc. #167**] is **DENIED** as futile.

**SO ORDERED** this _____2nd_____ day of October 2012, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
William I. Garfinkel
United States Magistrate Judge