UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL HENDERSON, : | |
|   Plaintiff, : | |
| : | CIVIL CASE NO. |
| v. : | 3:10-cv-1621 (JCH) |
| : | |
| JOHN WILLIAMS, et al., : | DECEMBER 14, 2012 |
|   Defendants. : | |

**RULING ON PLAINTIFF'S MOTION FOR SANCTIONS** [Doc. No. 172]

The plaintiff seeks sanctions for the defendants' failure to comply with the court's August 21, 2012 Order that the defendants respond to the specific interrogatories listed in the plaintiff's renewed motion to compel [Doc. No. 143]. In response, the defendants argue that, during a telephone conference on August 22, 2012, the parties determined that all discovery issues would be resolved in the defendants responded to the plaintiff's February 10, 2012 discovery requests.

The plaintiff states that he was unaware of the court's August 21, 2012 Order at the time of the phone conference. He did not receive a copy of the Order by mail until several days later. The plaintiff states that the phone conference concerned only the additional discovery requests referenced in the court's April 5, 2012 Order.

The decision to impose sanctions for failure to comply with a discovery order rests within the court's discretion. See Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order."). When considering whether to

impose sanctions, the court considers, inter alia, whether the moving party has been prejudiced by the failure to comply with discovery requests.  See Monaghan v. SZS 33 Assocs., L.P., 148 F.R.D. 500, 508 (S.D.N.Y. 1993).  The plaintiff has not identified any prejudice suffered as a result of the failure to receive responses to the interrogatories by this date.

In addition, although the defendants should have been aware of the August 21, 2012 Order at the time of the telephone conference, the court cannot discern whether the parties were in agreement regarding which discovery requests were the subject of the telephone conference.  Thus, the court cannot determine whether the defendants' failure to comply with the August 21, 2012 order demonstrates failure to act in good faith.  Absent such a determination, an award of sanctions is not warranted.

The plaintiff's motion [**Doc. No. 172**] is **DENIED**.  In light of the clear order issued on August 21, 2012, however, the defendants are directed to respond to the specified interrogatories.  The defendants shall serve their responses within **twenty (20) days** from the date of this order.

**SO ORDERED.**

Dated this 14th day of December 2012, at New Haven, Connecticut.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge